AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

_____ SOUTHERN _____   DISTRICT OF _____ NEW YORK _____

MARIA MERCEDES ROSARIO BRETON,
FABIAN GARCIA and PAOLA GARCIA,

### SUMMONS IN A CIVIL CASE

**V.**

CASE NUMBER:   06 CV 7110

GREYHOUND LINES, INC.

TO: (Name and address of defendant)

GREYHOUND LINES, INC.
15110 NORTH DALLAS PKWY
DALLAS, TEXAS, 75248-4635

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Taub & Marder, Esqs.
450 7th Avenue - 37th Floor
New York, New York, 10123

an answer to the complaint which is herewith served upon you, within _____ 30 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

*Marcos Quintero*

(BY) DEPUTY CLERK

SEP 1 5 2006

DATE

AO 440  (Rev. 10/93)  Summons In a Civil Action -SDNY  WEB 4/99

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

_____

☐  Returned unexecuted: _____

_____

_____

☐  Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing
information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                        Date                                              Signature of Server


                                                        _____
                                                        Address of Server

(1)    As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MARIA MERCEDES ROSARIO BRETON,
FABIAN GARCIA and PAOLA GARCIA,

Civil Action No.:   06 CV 7110

                    Plaintiffs,          **COMPLAINT**

        - against -                      **JURY TRIAL DEMANDED**

GREYHOUND LINES, INC.,

----------------------------------------------------------x

RECEIVED
SEP 15 2006
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiffs, MARIA MERCEDES ROSARIO BRETON, FABIAN GARCIA and PAOLA

GARCIA, by their attorneys, TAUB AND MARDER, respectfully allege, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON
### BEHALF OF PLAINTIFF MARIA MERCEDES ROSARIO BRETON

1.      Defendant, GREYHOUND LINES, INC., is a foreign corporation.

2.      Defendant, GREYHOUND LINES, INC., is a Delaware Corporation.

3.      Defendant, GREYHOUND LINES, INC., maintains its principal place in the

State of Texas.

4.      Defendant, GREYHOUND LINES, INC., operated a commuter bus line

within the State of New York.

5.      Defendant, GREYHOUND LINES, INC., operated said commuter bus line as

a common carrier.

6.      That in the course and scope of its conducting of business in the State of

New York as a common carrier, Defendant, GREYHOUND LINES, INC.'s most significant

contacts within the State of New York are in the County of New York in accordance with USC Section 1391.

7.      Plaintiffs are citizens and residents of Canada residing at 5360 Rue Perlini, St. Hubert, Quebec, Canada.

8.      This Court has jurisdiction over this matter based on diversity of citizenship of the parties and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, pursuant to 28 U.S.C. 1332(a)(1).

9.      At all times herein mentioned, Ronald Burgess was an employee of defendant, GREYHOUND LINES, INC.

10.     At all times herein mentioned, Defendant, GREYHOUND LINES, INC., was the owner of a motor vehicle bearing Texas State registration number R7HW58, said vehicle being a 2000 MCI bus.

11.     At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle.

12.     At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle with the permission of Defendant, GREYHOUND LINES, INC.

13.     At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle with the consent of Defendant, GREYHOUND LINES., INC.

14.     At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle in the course and scope of his employment.

15.     At all times herein mentioned, Ronald Burgess, operated the aforesaid motor vehicle in the course and scope of his employment with Defendant, GREYHOUND LINES, INC.

16.     At all times herein mentioned, Defendant, GREYHOUND LINES, INC., maintained the aforesaid motor vehicle.

17.     At all times herein mentioned, Defendant, GREYHOUND LINES, INC., managed the aforesaid motor vehicle.

18.     At all times herein mentioned, Defendant, GREYHOUND LINES, INC., controlled the aforesaid motor vehicle.

19.     At all times herein mentioned, Defendant, GREYHOUND LINES, INC., leased the aforesaid motor vehicle.

20.     At all times herein mentioned, Plaintiff, MARIA MERCEDES ROSARIO BRETON, was a passenger in the aforesaid vehicle owned by Defendant, GREYHOUND LINES, INC., then and there being operated by Ronald Burgess.

21.     At all times herein mentioned, Plaintiff, MARIA MERCEDES ROSARIO BRETON, was a passenger in the aforesaid vehicle owned by Defendant, GREYHOUND LINES, INC., then and there being operated by Ronald Burgess, having paid good and valuable consideration therefore.

22.     At all times herein mentioned, I87 (Northway) in Elizabethtown, New York, was a public roadway and/or thoroughfare.

23.     That on or about August 28, 2006, the aforementioned bus owned by defendant, GREYHOUND LINES, INC., and being operated by Ronald Burgess, was being operated northbound on I87 (Northway) within or near Elizabethtown, New York.

24.     That on or about August 28, 2006, the aforementioned bus owned by defendant, GREYHOUND LINES, INC., then and there being operated by Ronald Burgess northbound on I87 (Northway) within or near Elizabethtown New York, was involved in an accident.

25.     That on or about August 28, 2006, the aforementioned bus owned by defendant, GREYHOUND LINES, INC., then and there being operated by Ronald Burgess, northbound on I87 (Northway), was caused, permitted and allowed to leave the roadway and to overturn.

26.     That the aforesaid occurrence was caused wholly and solely by reason of the negligence, recklessness and carelessness of the Defendant, its agents, servants and employees, without any fault or negligence on the part of the Plaintiff contributing thereto.

27.     That the Defendant, its agents, servants and employees, was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle in causing, permitting and allowing the vehicle to leave the roadway and overturn; in failing to maintain proper, safe, lawful and requisite control of their motor vehicle and in otherwise being negligent herein.

28.     That solely and directly by reason of the foregoing, Plaintiff, MARIA MERCEDES ROSARIO BRETON, sustained serious injuries as same are defined by

§5102(d) of the Insurance Law of the State of New York and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

29.     That Plaintiff, MARIA MERCEDES ROSARIO BRETON, is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.   Plaintiff is seeking to recover only those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

30.     That this action falls within one or more of the exceptions set forth in CPLR §1602.

31.     That solely and directly by reason of the foregoing, Plaintiff, MARIA MERCEDES ROSARIO BRETON, has sustained personal injuries and pain and suffering, a loss of the quality of enjoyment of life, incurred medical expenses and in the future will incur medical expenses and has lost earnings and in the future will lose earnings and has sustained psychiatric and emotional distress all to her damage in the amount of TWENTY FIVE MILLION ($25,000,000.00) DOLLARS.

32.     That solely and directly by reason of the foregoing, Plaintiff, MARIA MERCEDES ROSARIO BRETON, has sustained personal injuries and pain and suffering, a loss of the quality of enjoyment of life, incurred medical expenses and in the future will incur medical expenses and has lost earnings and in the future will lose earnings all to her damage in an amount that exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF FABIAN GARCIA

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32".

34. At all times mentioned herein, plaintiff, FABIAN GARCIA, is the lawful wedded husband of plaintiff, MARIA MERCEDES ROSARIO BRETON.

35. That solely and directly of the aforesaid, plaintiff, FABIAN GARCIA, lost the love, services, society, companionship and consortium of his lawful wedded wife all to his damage in the sum of FIVE MILLION ($5,000,000.) DOLLARS.

36. That solely and directly of the aforesaid, plaintiff, FABIAN GARCIA, lost the love, services, society, companionship and consortium of his lawful wedded wife all to his damage in an amount that exceeds the jurisdictional limits of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF PAOLA GARCIA

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "36".

38. That on or about August 28, 2006, on I87 (Northway) within or near Elizabethtown, New York, plaintiff, PAOLA GARCIA, was a passenger in the aforementioned bus.

39. That plaintiff, PAOLA GARCIA, was not in any manner contributorily negligent herein.

40. That solely and directly by reason of the foregoing, the Plaintiff, PAOLA GARCIA, sustained serious injuries as same are defined by §5102(d) of the Insurance

Third Cause of Action: FIVE MILLION ($5,000,000.00) DOLLARS and/or General Prayer for Money Damages

together with the costs and disbursements of this action.

Dated: New York, N.Y.
      September 14, 2006

> TAUB AND MARDER
> Attorneys for Plaintiff
>
> KENNETH MARDER (0304)
> 450 Seventh Avenue
> 37th Floor
> New York, N.Y. 10123
> (212) 967-1122

## ATTORNEY'S VERIFICATION

KENNETH MARDER, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney with the office of Taub and Marder, attorneys for Plaintiffs. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff(s) is that Plaintiff(s) is/are not presently in the county wherein the attorneys for the Plaintiff(s) maintain their offices.

DATED:     New York, N.Y.
           September 15, 2006

_____
KENNETH MARDER

Index No.                                                          Year

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARIA MERCEDES ROSARIO BRETON,
FABIAN GARCIA and PAOLA GARCIA,

Plaintiffs,

– against –

GREYHOUND LINES, INC.,

Defendant.

COMPLAINT

TAUB AND MARDER
Attorney(s) for   Plaintiffs
450 SEVENTH AVENUE
37ᵀᴴ FLOOR
NEW YORK, N.Y. 10123
(212) 967-1122
Fax # 212-967-2105* (*Not for service of papers)

To

Attorney(s) for

Service of a copy of the within                    is hereby admitted.

Dated,

Attorney(s) for

ALL-STATE INTERNATIONAL, INC.

---

PLEASE TAKE NOTICE

☐  that the within is a (certified) true copy of a
the clerk of the within named Court on                    entered in the office of

☐  that an Order of which the within is a true copy
will   be   presented   for   settlement   to   the
Honorable                                            one of
the judges of the within named Court, at
                                                        on
                                        , at

Dated,

Attorney(s) for

TAUB AND MARDER
450 SEVENTH AVENUE
37ᵀᴴ FLOOR
NEW YORK, N.Y. 10123

Pursuant to 22 NYCRR 130-1.1, the undersigned, an
attorney admitted to practice in the courts of New York
State, certifies that, upon information and belief and
reasonable inquiry, the contentions contained in the
annexed document are not frivolous.

Dated,                                    Signature

Attorney(s) for

TAUB AND MARDER
450 SEVENTH AVENUE
37ᵀᴴ FLOOR
NEW YORK, N.Y. 10123

To

Attorney(s)   for